ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3918
    FAX: (510) 637-3724
    ivana.djak@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:24-mj-71750-MAG |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| JASON NIOUS, | |
| Defendant | |

    On December 18, 2024, the defendant, Jason Nious, made an initial appearance after being charged by Complaint in the above-captioned case; he was arrested on December 17, 2024. The government moved for the defendant's pre-trial detention at his initial appearance.

    On December 23, 2024, the Court held a detention hearing. The defendant was present and represented by Assistant Federal Defender John Paul Reichmuth, appearing for Elisse Larouche. Assistant United States Attorney Ivana Djak appeared for the government. The record before the Court included the government's memorandum in support of detention, the complaint against Mr. Nious, the affidavit in support of the complaint, and a Pre-Bail Report prepared by the Pretrial Services Office.

Upon consideration of the record and the arguments presented at the hearing, the Court ordered Mr. Nious to be detained on the grounds that the government had met its burden of establishing by clear and convincing evidence that Mr. Nious posed a danger to the community, in particular women vulnerable to sex trafficking, and no condition or combination of conditions would reasonably mitigate the risk of danger to community if he were released.  The Court reached its decision, in part, by applying a presumption in favor of detention under 18 U.S.C. § 3142(e).  On further consideration, and in light of the lack of briefing on the issue, the Court forgoes applying any presumption in favor of detention.  The present Order supplements the Court's findings and order at the December 23, 2024 hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  The Court conducts its analysis of whether pretrial detention is warranted without applying any presumption in favor of detention.

## LEGAL STANDARD

The Bail Reform Act "mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'"  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)).  On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community.  *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)."  *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).  The Court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime that involves, among other things, a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).  Of these four considerations, the

weight of the evidence is considered the "least important" factor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

## ANALYSIS AND FINDINGS

The Court's reasoning is reflected in part in the record from the detention hearing, and the Court makes the following findings to clarify and confirm the bases for its conclusion.

First, the allegations against Mr. Nious and the circumstances in which he was arrested are serious. *See* 18 U.S.C. § 922(g)(1). He has been charged as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At the time of his arrest, Oakland Police Department was conducting a surveillance operation to arrest an individual who had an active arrest warrant for firearms possession, and during the operation, Mr. Nious was observed standing next to the wanted individual. Mr. Nious and his vehicle were searched pursuant to a warrantless search and seizure term included in his provisions for probation. The officers located a Glock loaded with a 10-round magazine with one live round in the chambers.

Second, Mr. Nious's history and background raise significant concerns. As an initial matter, Mr. Nious has multiple convictions that involve violent behavior. Two convictions are over twenty years old. Those involve a misdemeanor conviction for spousal/cohabitant battery, followed by a conviction for armed robbery. For the armed robbery conviction, Mr. Nious received a twelve-year prison sentence. After Mr. Nious's release from prison, he continued to have contact with law enforcement. In 2017, he was convicted of two felonies that included human trafficking of a minor and providing controlled substances to a minor. The government proffered that in that case, Mr. Nious plied a sixteen-year-old girl with methamphetamines to keep her compliant. As a result of this charge and conviction, Mr. Nious was sentenced to ten years in prison and a requirement to register as a sex offender.

The dated convictions may carry less weight, but after Mr. Nious's second prison stint, he still has had multiple contacts with law enforcement in Oakland and San Francisco that reflect an ongoing risk of dangerous behavior. In 2021, Mr. Nious was charged with carrying a concealed weapon in his vehicle, resulting in a misdemeanor conviction. In 2022, he was detained or arrested for domestic violence, although the charge was not pursued after the alleged victim was unavailable or declined to testify. In 2023, he was detained on suspicion of being involved in a kidnapping. The law enforcement

affidavit supporting the current charge against Mr. Nious describes video footage of the suspected kidnapping, showing him pushing a woman into the trunk of his Mercedes.  The woman was visibly upset but unwilling to cooperate with Oakland police officers when they arrived at the scene.  In 2024, Mr. Nious was arrested twice for firearms charges, including an incident that allegedly involved the willful discharge of a firearm with gross negligence.  While these particular contacts and arrests in 2022 to 2024 have not led to convictions, the 2024 firearm charges remain pending and Mr. Nious's evident pattern of carrying firearms makes it plausible that some victims are unwilling to pursue charges against him given the risk of violence.

      Mr. Nious's other conduct does not allay the Court's concerns.  Mr. Nious has a limited history of legitimate employment in recent years, and his stated monthly earnings are well short of his monthly expenses.  He declined to identify a spouse or other person with whom he has a relationship and may share household expenses.  This raises a valid concern that Mr. Nious is earning a livelihood in part through illicit activity.  At the same time, he has chosen to live in the Oakland blade.  A "blade" is an area known for commercial sex work, and he reported residing in this area for the last four years.  The kidnapping incident, as well as the current charge, occurred a short distance from his residence.  Mr. Nious has also been spotted by law enforcement in a blade located hours away from his home.  On October 20, 2024 at 12:34am Mr. Nious was cited for a vehicle code violation in an area known for commercial sex activity.  At the time, a woman was sitting in the passenger seat of Mr. Nious's Mercedes, and he instructed her not to disclose her name to the Salinas officer.  The Court recognizes that some individuals and families may reside in an area riddled with prostitution activity because the housing may be affordable or for reasons unrelated to any interest in participating in the sex trade.  Here, however, the Court finds that Mr. Nious has a pattern of observed behavior and a criminal history that establishes that he poses a danger to women who may be vulnerable to being coerced into prostitution.

      Finally, the Court considers Mr. Nious's proposal for his pretrial release, which he contends reasonably mitigates any concerns regarding dangerousness.  Mr. Nious asserts that he is suffering from a methamphetamine addiction and proposes pretrial release to a residential drug treatment program.  Mr. Nious's mother also generously showed her support for her son and offered to serve as a surety on an unsecured bond and a third-party custodian.  After interviewing Mr. Nious and reviewing his history,

Pretrial Services declined to recommend his release to residential treatment. At the hearing, the Pretrial Services officer expressed skepticism that Mr. Nious is truly suffering from a methamphetamine use disorder because his record of numerous detentions, arrests and convictions do not include any charges for methamphetamine possession. Mr. Nious was charged once with marijuana possession in 2022. Furthermore, Mr. Nious's mother, with whom he has daily contact, stated that, to her knowledge, he has never used drugs or participated in substance abuse treatment. The Court recognizes that to avoid pretrial detention, some defendants request to be released to residential drug treatment programs, but these requests must be considered carefully. In light of the circumstances, the Court accepts Pretrial Services' recommendation that Mr. Nious be detained due to his significant risk of danger to the community. The Court finds that no condition or combination of conditions will reasonably assure the public's safety should Mr. Nious be released.

## CONCLUSION

Because the government met its burden of establishing that detention is necessary due to risk of danger to the community, there is no reason to rule on whether or not the defendant is deemed a flight risk.

1. The defendant shall be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant shall be afforded reasonable opportunity for private consultation with his defense counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: December 27, 2024

HONORABLE LISA J. CISNEROS
United States Magistrate Judge